■ INEZ KOURTALIS, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [594 NYS2d 325] —In an action to recover damages, *inter alia,* for assault and battery, false arrest, and malicious prosecution, the defendants New York City Transit Authority and Jerald Blanding appeal from a judgment of the Supreme Court, Queens County (Zelman, J.), entered September 24, 1990, which, upon a jury verdict, awarded the principal sum of $312,187.19 to the plaintiff.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

On January 6, 1986, the defendant Jerald Blanding, a New York City Transit Authority police officer, stopped the plaintiff as she entered the subway via an exit gate. The plaintiff's account and Blandings' account were at variance. According to the plaintiff, Blanding forcefully grabbed her hand in stopping her, injured it, and caused it to bleed. Finally, Blanding let go of her hand and she went downstairs to catch the train. Shortly thereafter, she returned and allegedly "tapped" Blanding on the shoulder to get his attention and show him her hand. The plaintiff testified that Blanding responded by throwing her against the wall, then arresting her, and charging her with assault and resisting arrest. On the other hand, Blanding testified that he did not touch the plaintiff until after she hit him twice with her fist clenched; he then attempted to place her under arrest, but she struggled and resisted arrest. Eventually, the plaintiff was acquitted of the criminal charges. Thereafter, she brought the instant action, and, after a trial, the jury returned a verdict in her favor.

On appeal, the defendants contend that they were deprived

of a fair trial when the court permitted the plaintiff's attorney, over objection, to question Blanding about certain civilian complaints contained in his personnel file. We agree. Before trial, the court ruled that the civilian complaints could be introduced by the plaintiff for the purpose of showing Blanding's "vicious propensity * * * towards the public". In his opening, the plaintiff's attorney said he would offer proof that Blanding had done similar things on at least five other occasions. The plaintiff called Blanding as one of her witnesses. After initially inquiring about the incident in question, the plaintiff's attorney asked Blanding whether he "recall[ed]" a complaint filed on behalf of a 17-year-old female who alleged that he had stopped her for improper use of a train pass, "without provocation twisted her arm, handcuffed her, pushed her against the wall several times [and] squeezed her arm very tightly while escorting her outside". When Blanding answered that he recalled the incident, counsel inquired, apparently sarcastically, "And sir, that wasn't true you never treated her that way; isn't that right?", to which Blanding replied, "That's correct". In the same manner, the plaintiff's attorney was permitted to ask Blanding about four other complaints alleging physical or verbal abuse. Each time, counsel recited the details of the complaint and asked whether Blanding recalled the complaint or incident. The appellants' attorney attempted to rehabilitate Blanding during cross-examination by eliciting from him the fact that none of those complaints were ever substantiated or resulted in disciplinary action.

We find that the court committed reversible error by permitting the plaintiff to introduce into evidence the substance of the five civilian complaints. They constituted unsubstantiated hearsay. They were also irrelevant, as the New York City Transit Authority had admitted that Blanding was acting within the scope of his authority as a police officer and negligent retention of him as an employee was not an issue in the case. Moreover, introduction of the civilian complaints violated the general rule of evidence, applicable in both civil and criminal cases, "that it is improper to prove that a person did an act on a particular occasion by showing that he did a similar act on a different, unrelated occasion" (Matter of Brandon, 55 NY2d 206, 210-211, citing Richardson, Evidence §§ 170, 184 [Prince 10th ed]). In addition, having called Blanding as a witness on the direct case, under the circumstances, the plaintiff's attorney was not entitled to use those complaints for impeachment purposes (see, People v Reed, 40

NY2d 204, 207; *Quick v American Can Co.,* 205 NY 330, 334). Further, the questions were extremely prejudicial, considering that the prior alleged conduct involved abusive behavior similar to that alleged in this case. Accordingly, a new trial is necessary.

In light of this determination, it is unnecessary to address the appellants' further claim that the court exhibited bias against them.

We have considered the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.